## THE MARYLAND.*

(District Court, E. D. Pennsylvania. November 14, 1882.)

ADMIRALTY—COLLISION BETWEEN VESSEL IN MOTION AND VESSEL AT HER MOOR-INGS—LIBEL AGAINST SEVERAL VESSELS—BURDEN OF PROOF.

Where a barge sinks two days after an alleged collision with a ship in mo-tion, while the barge was at her moorings, and where at the time of the alleged collision no complaint was made and but slight injury discovered, and the weather was such, with the river packed with ice, that the injury might have resulted from the grinding and pounding of the ice, the burden of proof rests upon the barge, in an action against the ship and her tows, to show that the injury resulted from their negligence.

Libel by the owners of the barge George Twibell against the ship Maryland and the steam-tugs New Castle and Yorke.

The libelants claimed that while the Twibell was properly moored at the wharf adjoining Point Breeze gas-works, in the river Dela-ware, on December 27, 1880, she was struck by the ship Maryland, by reason of the negligence of the ship or that of her tugs,—the New Castle, which had parted an inferior hawser, and the Yorke, which had left the ship for the purpose of opening a channel through the ice. The New Castle claimed that the hawser furnished by the Maryland was of sound and sufficient appearance, and was not submitted for the approval of the New Castle. The Yorke claimed that her employ-ment in opening a channel through the ice was the full performance of her engagement and duty. The Maryland denied that any collis-ion had occurred, and produced evidence that at the time no injury was complained of, and none discovered, beyond a slight bruise upon the fender of the Twibell, insufficient to account for the sinking; and that the bruise might have been caused by the jamming of the ice while the Maryland was passing. It appeared that the Twibell did not sink until the following night, and, the river being full of floating ice, the grinding and pounding against the Twibell were sufficient to have caused her to sink.

*Theodore M. Etting* and *Henry R. Edmunds,* for libelants.

*H. G. Ward,* for the New Castle.

*J. W. Coulston,* for the Yorke.

*Curtis Tilton* and *Henry Flanders,* for the Maryland.

BUTLER, D. J. The positive testimony respecting the collision is in direct conflict, and the inferences arising from surrounding circum-stances may be invoked with as much force, at least, by the respond-

*Reported by Albert B. Guilbert, of the Philadelphia bar.

ents as by the libelant. While this point is thus left in doubt, the question of *injury* (supposing collision to have occurred) is left in equal if not in greater doubt. That the libelant was disturbed, in her position by the wharf, may be conceded. The river was full of ice, and the passage of a vessel in that vicinity would be likely to disturb her by disturbing it. Coming near, as the Maryland did, it is highly probable the ice was jammed against her, and this may have produced all the disturbance seen by libelant's witnesses. That she was struck by the Maryland with force sufficient to break her fastenings, drive her through the ice 60 to 80 feet, and not only to stop the Maryland's forward motion, but to produce a recoil of several feet, as alleged by the libelant and sworn to by his most important witness, is wholly incredible. Such a blow, on her square stern, would certainly have cut her down instantly. The only evidence of *injury* is the inference from sinking two days later. Examination at the time disclosed no injury. The bruise on her fender (if recent) was immaterial. The respondents were allowed to go on their way without complaint, and if the barge had not subsequently gone down no suggestion of injury (it is reasonable to infer) would ever have been made. To conclude that she went down in consequence of injuries received at the time, would not be justifiable. From Monday, about noon, when the blow is said to have been given, until Tuesday night, when she sank, no injury, or indication of injury, was discoverable. The river during all this time was full of floating ice, which was grinding and pounding against the boat. That she went down from this cause is, to say the least, quite as probable as that she sank from the alleged blow of two days before. Sufficient has been said to indicate the reasons for believing that the libelant's case is not made out. He may have been injured, as he alleges, but with the burden of proof on him he has not succeeded in showing it.

The libel must be dismissed.